IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER SESSION, 1998

FILED

December 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9710-CR-00495 |
| | ) | |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JANE WHEATCRAFT, JUDGE |
| MICHAEL BRENT COOK, | ) | |
| | ) | |
| Appellant. | ) | (BURGLARY AND VANDALISM) |

FOR THE APPELLANT:

DAVID A. DOYLE
District Public Defender

ZOE LAAKSO
Assistant Public Defender
117 East Main Street
Gallatin, TN  37066

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

LAWRENCE RAY WHITLEY
District Attorney General

SALLIE WADE BROWN
Assistant District Attorney General
18th Judicial District
113 West Main Street
Gallatin, TN  37066

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# **OPINION**

The Defendant, Michael Brent Cook, appeals as of right from the revocation of his probation by the Sumner County Criminal Court. He contends that the trial court abused its discretion in revoking his probation. We affirm the judgment of the trial court.

On June 6, 1996, Defendant pled guilty to burglary, felony vandalism, and contributing to the delinquency of a minor. Defendant received an effective sentence of two (2) years which was suspended and Defendant was placed on supervised probation. He was ordered to pay $1704.42 in restitution and to perform 200 hours of community service work at Gallatin Middle School. On February 18, 1997, a probation violation warrant was issued alleging that Defendant had failed to report to the probation office, had made no restitution payments, had not performed any service work at the school, and had made no probation fee payments. An amended affidavit and warrant were filed alleging Defendant had been convicted of burglary in Rutherford and Wilson counties. These felony offenses occurred while Defendant was on probation.

At the revocation hearing, Probation Officer Marvin Powell testified that Defendant understood his probationary obligations and that he had failed to follow them. He said that Defendant's records indicated that Defendant made no restitution or probation fee payments. He testified that Defendant's public service work coordinator, Larry Johnson, reported that Defendant had not performed any work at the school. Furthermore, Powell testified that Defendant had been convicted of burglary in two different counties, just six months after being placed on probation.

Powell admitted that Defendant had reported to him on a monthly basis up until November 22, 1996, and that Defendant's incarceration for the burglaries on December 2, 1996, would explain Defendant's non-compliance after that date.

Defendant testified at the hearing that he had failed to report to his probation officer after November 22, 1996, because he had been incarcerated for the burglary convictions. Defendant said that he was paying on his restitution and that the clerk's office should have a record of it. He also testified that he worked at the Gallatin Middle School four to six weekends for five or six hours each time. He said the school principal was supposed to report his work to the probation office. He admitted getting intoxicated, which would also be a violation of his probation, and committing the burglaries. He testified that since being in jail for the burglary convictions he has been working on getting his GED and that he has a new outlook on life.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310 and -311. The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Probation revocations are subject to an abuse of discretion, rather than a de novo standard of review. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App.

1995). Once it is determined that a defendant has violated his probation, the court has the discretion to order the defendant to begin serving his sentence as originally entered. Tenn. Code Ann. §§ 40-35-310 and -311(d); Sentencing Commission Comments to Tenn. Code Ann. § 40-35-310; State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Defendant admitted at the hearing that he violated the terms of his probation by getting intoxicated and committing two felonies. This constitutes substantial evidence to support the trial court's revocation order. See, e.g., State v. Yvonne Burnett, C.C.A. No. 03C01-9608-CR-00314, Knox County (Tenn. Crim. App. Knoxville, July 25, 1997) (Rule 11 application denied, Apr. 13, 1998). Furthermore, Defendant's probation officer testified that Defendant had made no restitution or probation fee payments and that his public service work coordinator had no record of any community service performed by Defendant. Defendant testified that "[s]omebody messed up somewhere" in regards to there being no record as to his community service work. However, in its findings of fact, the trial court accredited the testimony of the State's witness as to the disputed facts in this case and revoked Defendant's probation. The lower court was then statutorily authorized to impose Defendant's original two (2) year sentence upon revocation of probation. See Tenn. Code Ann. §§ 40-35-310 and -311. We cannot say that the trial court abused its discretion in ordering Defendant to serve the terms of his original sentence.

Accordingly, the judgment of the trial court is affirmed.


_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JAMES CURWOOD WITT, JR., Judge