IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2002

## STATE OF TENNESSEE v. ARCHIE JUNIOR WEATHERFORD

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR859-1998     Jane Wheatcraft, Judge**

---

**No. M2001-02138-CCA-R3-CD - filed March 27, 2002**

---

Defendant, Archie Junior Weatherford, appeals the Sumner County Criminal Court's revocation of his probationary sentence. Following a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH, and ROBERT W. WEDEMEYER, JJ., joined.

David Allen Doyle, District Public Defender, Gallatin, Tennessee (on appeal) and Edgar Taylor, Hartsville, Tennessee (at trial) for the appellant, Archie Junior Weatherford.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Thomas Dean, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On March 19, 1999, Defendant pled guilty to the offense of theft of property more than $10,000 in value, a Class C felony. Pursuant to the plea agreement, the trial court sentenced Defendant to four years, with sixty days to be served in the Smith County jail and the remaining time to be served on probation.

On January 31, 2001, the trial court issued a probation violation warrant based on allegations that (1) Defendant had been arrested for driving while license revoked, second offense, and resisting arrest; (2) he failed to appear in court on January 8, 2001, as ordered, and a capias had been issued; (3) charges were pending against Defendant for reckless endangerment and vandalism; and (4) he

had absconded. The warrant further alleged that all charges originated in Smith County and that Defendant's then-present whereabouts were unknown. On April 3, 2001, Defendant was apprehended, and on May 7, 2001, he pled guilty to resisting arrest and driving without a license. (The charge of driving while license revoked, second offense, was reduced to driving without a license by plea agreement.) The charges for reckless endangerment and vandalism were dismissed.

At the probation violation hearing on May 21, 2001, Donnie Webb testified that Defendant had generally complied with the terms of his probation until November 9, 2000, the date of his last report to Webb. Following Defendant's apparent disappearance, Webb spent part of November and all of December searching for him. Defendant had lived with his family while on probation. The family members claimed no knowledge of his whereabouts. According to his probation agreement, Defendant was to report to Webb once a month, but he had neglected to do so even once during the time period extending from his last report on November 9, 2000 until April 3, 2001, when Defendant was apprehended. Webb testified that, from the point at which he began supervising Defendant's probation in June 1999 until November 2000, Defendant's compliance with the terms of his probation had been "pretty fair." Although Defendant admitted having some minor problems with employment and paying his fees, he had reported regularly, passed his drug screens, and had "no new arrests." (Webb's statement regarding the lack of new arrests is contradicted by the judgment forms relating to Defendant's convictions for driving without a license and resisting arrest, which list the offense dates for these crimes as August 19, 1999 and January 8, 2000, respectively.) Webb also testified that Defendant claimed to have cancer. Webb requested that Defendant give him a doctor's statement to that effect, but had received nothing thus far.

Defendant testified that he quit reporting to Webb in November 2000 because his doctor discovered a cyst on his pancreas the previous month. He claimed that the diagnosis "confused" him and he did not know what to do. Defendant explained that fourteen years prior, he was diagnosed with Hodgkin's disease (a type of cancer), which had spread throughout his body. Until the cyst appeared, the cancer was believed to be in remission. At the time of the hearing, Defendant was uncertain whether the cyst was malignant. He did not keep his follow-up appointment with the doctor because he did not want to undergo further radiation treatment. Since then, he had decided that he wanted to live. Defendant also stated that he had suffered two heart attacks in February (the year was not specified). Defendant was thirty-four years old at the time of the hearing.

Defendant conceded that he did not give Webb any documentation concerning his medical condition and that he also had none to present at the hearing. Defendant also admitted that after his cyst was discovered in October, he quit working and began using cocaine because he had "given up" and "didn't know what to do." Defendant acknowledged his pleas of guilty to driving without a license and resisting arrest. He testified that he did not appear in court on January 8, 2001 because he knew he "was going to get violated."

At the conclusion of the hearing, the trial court remarked that a community-based sentence was "inappropriate" in this case. The trial court found that Defendant had pled guilty to new charges since his sentence was imposed and that he had failed to report to his probation officer. Accordingly,

the trial court revoked Defendant's probationary sentence and ordered that he serve the remainder of his sentence in the Tennessee Department of Correction. The trial court concluded that Defendant had violated the terms and conditions of his probation in a subsequent order filed May 25, 2001.

## Analysis

Defendant contends that the trial court failed to exercise a conscientious and intelligent judgment when it found that he had violated the terms and conditions of his probation by a preponderance of the evidence. Defendant also maintains that his satisfactory compliance with the probationary terms and conditions during the time period from June 1999 until November 2000 justifies the grant of an additional opportunity to rehabilitate himself. We disagree.

According to statute, a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. See Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). Once the trial court makes such a finding, it is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered . . . ." Id. When probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension . . . ." Id. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

On appeal, a revocation will be upheld absent an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). There is no abuse of discretion, unless the reviewing court finds that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. Id. Relief will be granted only when the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved. State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001).

In this case, Defendant conceded that he voluntarily stopped reporting to his probation officer after November 9, 2000. Defendant also admits that he pled guilty to two misdemeanor offenses committed while on probation. Defendant's statements were corroborated by the judgment forms and the testimony of his probation officer. Taken together, this proof clearly supports the trial court's finding that Defendant violated the terms of probation by a preponderance of the evidence. Thus, we find that the trial court did not abuse its discretion. According to statute, the trial court was duly authorized to also impose the original sentence upon revocation of probation. Defendant is not entitled to relief on this issue.

## Conclusion

For the forgoing reasons, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, JUDGE