# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 23, 2003

## STATE OF TENNESSEE v. LORI ANN DUNCAN

**Appeal from the Criminal Court for Sullivan County**
**No. S45,509      R. Jerry Beck, Judge**

---

**No. E2003-00423-CCA-R3-CD**
**December 30, 2003**

---

Lori Ann Duncan appeals the Sullivan County Criminal Court's revocation of her probationary sentence. Duncan claims that the lower court abused its discretion in ordering her to serve her sentence in incarceration in the Department of Correction. However, we are unpersuaded and affirm the lower court's judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Terry L. Jordan, Blountville, Tennessee (at trial); and Julie A. Rice, Knoxville, Tennessee (on appeal), for the Appellant, Lori Ann Duncan.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Convicted upon her guilty pleas to burglary, attempted burglary, and possession of drug paraphernalia, the defendant was sentenced to serve an effective sentence of one year and six months on intensive probation. During the term of her sentence, a violation warrant issued which alleged that she failed to attend GED and drug and alcohol programs, failed to undergo a drug and alcohol evaluation, failed to perform community service, and failed to abide by curfew restrictions.

A hearing was conducted, at which Kathy Moody, the defendant's probation officer, detailed in her testimony the defendant's noncompliance with her probationary terms. Ms. Moody testified that the defendant was not home after curfew, and that although she counseled the defendant about the matter, the defendant failed to comply with curfew on subsequent occasions. The defendant claimed to have been working on at least some of the occasions that she was not home

after curfew, but she failed to provide documentation from her employer to Ms. Moody to substantiate the claim. The defendant also claimed that her absence from the home was occasioned by conflicts with her stepfather, but she never called Ms. Moody when she had to leave the home. The defendant failed to perform the required number of community service hours, and she reported that transportation problems prevented her from doing so. According to Ms. Moody, the defendant failed to attend two appointments for a drug and alcohol abuse evaluation, and she told Ms. Moody on one of these two occasions that she could not find the location where the evaluation was to take place. The defendant was supposed to attend GED classes and alcohol and drug classes at the Day Reporting Center, but her attendance was sporadic. On several occasions prior to issuance of the violation warrant, Ms. Moody discussed with the defendant her progress and shortcomings in complying with the probationary terms.

Brandon Harold, who supervised the defendant's compliance with GED and alcohol and drug classes at the Day Reporting Center, testified that the defendant attended her classes sporadically for a time until a few weeks before issuance of the violation warrant, when she quit attending altogether. The defendant was warned that she was in danger of being found in violation of her probation based upon her non-attendance, but the behavior continued. Mr. Harold made two appointments for the defendant for a drug and alcohol evaluation, but the defendant failed to keep either appointment and never gave Mr. Harold an explanation why she did not attend the appointments.

The defendant took the stand at her violation hearing and although she admitted the factual allegations, she offered various explanations for her failure to live by the letter of her probationary terms. She claimed that she was not home after curfew because she was working. Likewise, she did not attend the alcohol and drug classes and GED classes because she was working. She claimed that Ms. Moody told her not to worry about violating curfew as long as she was working. However, she admitted that Ms. Moody told her she would need documentation to support that she was working or that she would need to call her, and the defendant neither provided the documents nor called. The defendant also reported to Ms. Moody that she had not been home on occasion due to a conflict over money with her stepfather. She did not perform the required community service work because her stepfather would not provide her transportation, and her mother left the home too early. She attempted to attend one of the two alcohol and drug evaluation appointments, but she could not find the proper location. She called either the evaluation center or Ms. Moody,[1] and she was told to wait until after the holidays to reschedule. The defendant testified that transportation to and from work was provided for her. Although she had a friend who sometimes let her use her car, the car was not always available for the defendant's use. The defendant admitted that she did not ask for directions to the alcohol and drug evaluation appointment, and she denied knowing that Mr. Harold made a second appointment for her.

---

[1]The defendant's testimony regarding who she called was imprecise.

After receiving this proof, the lower court found the defendant in violation of her probationary sentence. The court ordered that the defendant serve her sentence in incarceration. The appeal to this court followed.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id*. at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (2003). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant admitted at the hearing that she was guilty of the alleged violations, and on appeal she does not contest the lower court's findings in that regard. We therefore need not concern ourselves with the propriety of the revocation itself. *See State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (defendant's concession of act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion). The only question we must answer is whether the court abused its discretion in ordering the defendant to serve the remainder of her sentence in the Department of Correction.

The defendant presents, in many respects, a sympathetic case for a second chance. However, this must be contrasted with the contrary evidence that the defendant failed to provide the minimal substantiation and to exert the minimal effort in exchange for any leniencies that may have been afforded her. Our avenue for revisiting the lower court's decision is extremely narrow given the abuse of discretion standard to which we must adhere. On balance, we cannot conclude that the lower court abused its discretion in ordering the defendant to serve her original sentence. Accordingly, the judgment of the lower court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE