STATE of Tennessee, Appellee,

v.

Donovan DUKE, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

March 15, 1995.

John E. Herbison, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Clinton J. Morgan, Counsel for the State, Crim. Justice Div., Nashville, Robert C. Sanders, Asst. Dist. Atty. Gen., Columbia, for appellee.

## OPINION

WADE, Judge.

On September 8, 1992, the defendant, Donovan Duke, entered a plea of guilt to the sale of cocaine. The trial judge, William B. Cain, imposed a Range I sentence of five years, forty days of which was to be served in jail and the balance on supervised probation. Later, in February of 1994, the probation was revoked.

In this appeal of the revocation order, the defendant presents the following issues for review:

(1) whether a trial judge other than the sentencing judge had the authority to revoke probation;

(2) whether the trial court erred in permitting a police officer to testify to the contents of a Tennessee Bureau of Investigation laboratory report;

(3) whether the trial court abused its discretion by revoking probation; and

(4) whether the trial court erred by reinstating the original sentence.

There is merit to the first ground asserted. Thus, we remand the cause for further proceedings.

On May 26, 1993, Judge Cain issued a violation of probation warrant on the defendant. One month later, Judge Cain ordered the defendant to jail on the warrant based upon a positive drug test. After a short period of incarceration, the defendant received twenty-eight days of intensive drug treatment. Thereafter, on November 1, 1993, Judge Cain dismissed the original revocation warrant and continued supervised probation. Another revocation notice was apparently issued November 24, 1993, although the warrant does not appear in the record. That the warrant alleged two December 1992 sales of cocaine to an undercover agent is not in dispute. The state amended the revocation warrant on January 12, 1994, alleging three additional probation violations: that the defendant failed to report to his probation officer in November and December of 1993; that he failed to pay fees for Novem-

ber and December 1993 and January of 1994; and that he had been convicted of assault on January 6, 1994. A hearing ensued before Judge Jim T. Hamilton on February 8, 1994.

The probation officer testified that the defendant had failed to report as required by the terms of his probation, had failed to pay fees, and had violated the law by committing an assault. Officer Joseph McNairy of the Pulaski Police Department then testified that he had acted as an undercover agent on December 19, 1992, almost fourteen months before this hearing, and had paid the defendant $50.00 for a white powdery substance. A second officer, William Doelle, video-taped the transaction. Officer Doelle sent the substance to the TBI crime laboratory which he had found reliable from his prior experiences. If any proof was offered on the second drug transaction, it does not appear in this record.

Thereafter, the defendant testified that he did not have counsel on the assault conviction and that he had misunderstood a conversation with the Assistant District Attorney General as to whether the conviction would be a basis for revocation. Based upon those representations, the trial court discounted the assault conviction as a ground and based revocation entirely upon the single drug transaction alluded to by Officer McNairy.

## I

■ Initially, the defendant claims that Judge Cain rather than Judge Hamilton should have conducted the revocation proceeding. The applicable statute provides as follows:

Procedure to revoke suspension of sentence or probation.—

(b) Whenever any person is arrested for the violation of probation and suspension of sentence, *the trial judge granting such probation and suspension of sentence, or his successor,* shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in his behalf thereon.

Tenn.Code Ann. § 40–35–311(b) (emphasis added).

In *State v. John Edward Howard,* No. 02C01–9208–CR–00197, 1993 WL 220406 (Tenn.Crim.App., at Jackson, June 23, 1993), this court ruled that the underlying portion of this statute "seems to indicate that only the trial judge granting the probation, or his or her successor, shall hear the charges." Judge Peay, writing for the panel, observed that the "intent of this section seems to be ensuring that the sentencing judge, where available, conducts the revocation hearing."

Defense counsel objected to the proceedings, arguing that the defendant "would not waive any right that he may have to ask that Judge Cain hear this probation revocation." As unlikely as it may be that Judge Cain would have reached a different result than Judge Hamilton did, the holding in *Howard* indicates that there must be a showing of unavailability before a second judge with the same jurisdiction could intervene. We are guided by that precedent and must, therefore, order a remand for a hearing before Judge Cain, if he is available. If not, any additional record should so provide.

## II

■ Next, the defendant claims that the trial court erred by allowing into evidence the TBI laboratory report identifying the substance sold as "positive for cocaine, .8 grams." In *State v. Wade,* 863 S.W.2d 406, 410 (Tenn.1993), our supreme court ruled that the introduction of laboratory test results by Allied Chemical Laboratories of Chattanooga had been improperly introduced as evidence in a revocation proceeding:

The result is that, under the United States Constitution as construed in *Gagnon* [*v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761–62, 36 L.Ed.2d 656 (1973) ], the State is not entitled to revoke probation based on an unidentified laboratory test admitted into evidence *without a finding of good cause and proof of the reliability of the test report.*

This Court has not heretofore considered the application of the Constitution of Tennessee to this precise issue. However, the Court holds that the record in this case

does not meet the minimal due process requirements of the Tennessee Constitution, Article I, Section 9. The report was not admissible into evidence because there was no showing of good cause, and, had there been a showing of good cause, the revocation of probation based on the uncorroborated report which contains no significant indicia of reliability, could not be sustained....

(Emphasis added). Although our supreme court acknowledged that the revocation proceeding was summary in nature, it nonetheless held that the constitution guaranteed the right "to confront and cross-examine adverse witnesses."

This case is distinguishable on the facts. The revocation in *Wade* was based upon the defendant's alleged usage of marijuana which had been detected by a drug screen. That was the sole basis of the revocation even in light of other evidence that Wade used illegal drugs. Here, however, the defendant sold a small amount of a white powdery substance to an undercover agent. Another officer witnessed part of the transaction. The circumstances suggested the defendant intended to sell an illegal drug. The defendant was paid $50.00 by the officer. Whether the substance was cocaine or not, a crime most likely occurred. Sale of a counterfeit controlled substance is a Class E felony. Tenn.Code Ann. § 39–17–423.

We note that Officer Doelle testified that he had used the TBI Crime Laboratory over a "thousand times" and had found their testing to be "reliable." We also note that the trial court found "good cause" for the failure to call the technician. We are not sure, however, that this record establishes that the laboratory report was admissible as evidence that the substance sold was cocaine. In *Wade*, our supreme court made an alternative finding that even if the report was reliable, "the record [was] silent as to why the technician who prepared the report was not called as a witness" and thus the "good cause" had not been substantiated. *Id.* at 409. Here, the record also fails to demonstrate the basis for a finding of "good cause," that is, why the technician was not called as a

witness. Thus the second condition in *Wade* was probably not met.

## III and IV

Next, the defendant claims that the trial court abused its discretion by revoking the probation. He also complains that even if revocation was warranted, the trial court erred by reinstating the original sentence. We find no merit to either claim.

■ First, an abuse of discretion occurs only when the record contains no substantive evidence to support the conclusion of the trial court that a violation of a condition of probation occurs. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991). Because the defendant by all appearances sold a controlled substance to an undercover agent, the trial court would have clearly had a basis for the revocation. And, had the trial court chosen to rely on the testimony of the probation officer, additional grounds for revocation appear in this record.

■ Moreover, the trial courts are empowered to revoke suspended sentences. Tenn. Code Ann. § 40–35–310. That statutory authority grants trial judges the discretionary authority "to commence the execution of the judgment as originally entered." Tenn.Code Ann. § 40–35–311(d). Further, the Sentencing Commission Comments to § 40–35–310 provide that upon revocation, the original sentence "can be placed into effect."

In summary, the judgment is reversed and the cause is remanded for a hearing before the sentencing judge, "if available." If unavailable, the record should establish that fact and a replacement judge having jurisdiction over the subject matter may proceed.

SUMMERS and WELLES, JJ., concur.