# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 1998 SESSION

**FILED**

**March 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9702-CC-00058** |
| Appellee, | ) | |
| | ) | **LAWRENCE COUNTY** |
| VS. | ) | |
| | ) | **HON. JAMES L. WEATHERFORD,** |
| **WILLIAM HOWARD GRAY,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:      FOR THE APPELLEE:

**SHARA A. FLACY**
Public Defender

**DANIEL J. RUNDE**
Asst. Public Defender
P. O. Box 1208
Pulaski, TN 38478
   (On Appeal)

**JAMES DANIEL FREEMON**
West Gaines St.
Lawrenceburg, TN 38464
   (At the Hearing)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Counsel for the State
John Sevier Bldg.
425 Fifth Ave. North
Nashville, TN  37243-0493

**MIKE BOTTOMS**
District Attorney General

**JAMES G. WHITE**
Asst. District Attorney General
P. O. Box 279
Lawrenceburg, TN 38464

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted on June 8, 1993, on charges of incest and statutory rape. He pled guilty to the incest charge, and the statutory rape charge was dismissed. By agreement, the defendant received a sentence of five years in the Department of Correction. This sentence was fully suspended and the defendant was placed on immediate probation.

On August 19, 1996, a revocation warrant was issued and following a hearing on September 16, 1996, the trial court revoked the defendant's probation and ordered him to serve the entire sentence. The defendant now appeals this revocation contending that the trial judge abused his discretion in revoking probation; that the trial judge erred in "engaging in extrajudicial proceedings or by and through engaging in collateral considerations"; in revoking the defendant's probation when he relied on the advice of counsel; and that T.C.A. § 36-3-101, which prohibits marriage by a person to his adopted sister, is unconstitutional. We do not agree with the defendant's contentions and, therefore, affirm the judgment below.

When a trial judge finds that a petitioner has violated the conditions of his or her probation, the trial judge has the authority to revoke probation. See T.C.A. § 40-35-310. In this case, it is clearly within the trial court's discretion to revoke a defendant's probation and order the original sentence to be served. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The violation warrant issued in this case alleged that the defendant failed to obtain the consent of his probation officer before leaving the county or state of his

residence, failed to make a full and truthful report as required, failed to obey the laws, and failed to carry out the instructions of the probation officer. At the conclusion of the hearing, the trial judge found that the defendant had left the state without permission, had married the victim in violation of the probation officer's instructions, had continued to have contact with the victim after having been directed against such contact, and had failed to comply with the TBI registry for one quarter.

There is little, if any, dispute concerning the evidence introduced at the hearing. The defendant was convicted of incest and directed by the probation officer to have no further contact with the victim. The defendant, relying upon the advice of his attorney, went with the victim to the state of Mississippi and they were married. Apparently, Mississippi law allowed the marriage of a brother to his adopted sister but the same marriage is prohibited by the state of Tennessee. See T.C.A. § 36-3-101. The proof also showed that the defendant's attorney had talked with the probation officer about the possibility of the defendant going to Mississippi to engage in marriage with the victim. However, there was no indication that the probation officer consented or objected to this plan. The proof further showed that the defendant had been directed to have no contact with the victim and that this directive had been violated on a regular basis as the defendant and the victim rode together to work each day. The defendant, at the time of his reports, failed to reveal this relationship to the probation officer.

We find it unnecessary to address the defendant's issue concerning the constitutionality of the statute prohibiting marriages within a certain degree of relationship. The defendant left the state of Tennessee without permission from his probation officer,[1] and he failed to truthfully report to his probation officer his continued association with the

_____

[1]We note that our law prohibits a probationer from leaving the jurisdiction of his probation officer without the express permission of the trial judge. See T.C.A. § 40-35-303(h).

3

victim. The defendant's subsequent marriage to the victim, even if valid in the state of Mississippi, does not absolve the defendant of these violations of probation.

For the reasons stated above, we find that the trial judge did not abuse his discretion in revoking the defendant's probation. This finding makes it unnecessary to answer the other issues raised in the defendant's brief. We affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge