**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY SESSION, 1998**

FILED

June 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9711-CC-00438** |
| | ) | |
| Appellee, | ) | |
| | ) | **CHESTER COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. FRANKLIN MURCHISON,** |
| **AMANDA TREECE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(PROBATION REVOCATION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**C. MICHAEL ROBBINS**                **JOHN KNOX WALKUP**
3074 East Street                     Attorney General & Reporter
Memphis, TN  38128
(On Appeal)                          **PETER M. COUGHLAN**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243

**GEORGE MORTON GOOGE**              **JAMES G. WOODALL**
District Public Defender             District Attorney General

**MICHAEL RASNAKE**                  **DONALD H. ALLEN**
Assistant Public Defender            Assistant District Attorney General
227 West Baltimore Street            225 Martin Luther King Drive
Jackson, TN  38301                   P.O. Box 2825
(At Trial)                           Jackson, TN  38302

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Following an evidentiary hearing, the Circuit Court of Chester County entered an order which revoked Defendant's probation and ordered her to serve her original sentence of four (4) years in the Tennessee Department of Correction. The Defendant, Amanda Treece, appeals from that action of the trial court. While Defendant does not challenge the revocation of probation, she argues in her sole issue on appeal that the trial court erred by requiring her to serve her entire sentence by incarceration in the Department of Correction. We affirm the judgment of the trial court.

In March, 1996, Defendant pled guilty to five (5) counts of forgery in violation of Tennessee Code Annotated section 39-14-114, and received an effective sentence of four (4) years incarceration in the Department of Correction. The sentence was suspended, and she was placed on supervised probation. Within a few months, she was arrested and convicted of DUI, and a hearing was held in the Circuit Court of Chester County on a probation violation warrant. At the time, the trial court revoked her probation, ordered her to serve "thirty (30) days shock incarceration," and allowed her to continue on a suspended sentence and probation following the thirty (30) days incarceration.

In December of 1996, Defendant was arrested in Hardin County for DUI and for violation of the "restricted driver's license" law. In February of 1997, she was arrested for DUI and driving on a revoked license in McNairy County. She was convicted of the Hardin County and McNairy County offenses in March of 1997.

A second probation violation warrant was filed in the Chester County forgery cases and the evidentiary hearing was held in July of 1997.

Defendant testified at her second probation violation hearing in July, 1997 that she had an alcohol and drug abuse problem which existed prior to the time she was convicted of forgery. She had not sought professional treatment for her dependence problem after the first DUI conviction. However, after the second and third convictions, she had entered into a six (6) month rehabilitation program in which she was participating at the time of the probation violation hearing.

At the conclusion of the hearing, Defendant's counsel requested the trial court to allow her to complete her rehabilitation treatment program. The trial court found that violations of probation had occurred, revoked the suspended sentence, and ordered Defendant to immediately be taken into custody to serve the original four (4) year sentence in the Department of Correction.

Defendant correctly concedes that the record contains substantial evidence to justify the trial court's finding that a violation of the terms and conditions of probation existed. However, Defendant argues that there is not substantial evidence to support the trial court's decision to require her to serve the entire sentence by incarceration in the Department of Correction. We respectfully disagree.

Our court has previously held that trial judges have the discretion to order a sentence to be served as originally entered in the judgment upon a finding

that probation should be revoked.  <u>State v. Duke</u>, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995); Tenn. Code Ann. § 40-35-311(d).

The trial court did not abuse its discretion in this matter, as there is more than substantial evidence to support the trial court's decision.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge