**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MAY 1998 SESSION**



**July 28, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9709-CC-00406 |
| | ) | |
| vs. | ) | Blount County |
| | ) | |
| **TROY MCLEMORE,** | ) | Hon. D. Kelly Thomas, Jr., Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |
| | ) | |

FOR THE APPELLANT:

**RAYMOND MACK GARNER**
District Public Defender

**STACEY NORDQUIST**
Asst. District Public Defender
419 High St.
Maryville, TN 37804

**GERALD L. GULLEY, JR. (appeal only)**
Attorney at Law
P.O. Box 1708
Knoxville, TN 37901-1708

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243

**MICHAEL L. FLYNN**
District Attorney General

**EDWARD P. BAILEY, JR.**
Asst. District Attorney General
363 Court St.
Maryville, TN 37804

OPINION FILED:_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, Troy McLemore, appeals the Blount County Circuit Court's revocation of his probationary sentence for the crimes of burglary and theft of property. He was convicted of those crimes in 1994 following his guilty pleas and received an effective two year sentence of confinement and probation. His sentence was extended by consent for an additional year when he failed to satisfy the financial obligations imposed with the original sentence. During this extended term, a violation summons issued charging the defendant with using drugs and failing to pay his court costs, restitution and probation fees. The trial court found that the defendant had violated the terms of his probationary sentence and ordered him to serve five months and six days in the county jail[1] followed by six months of intensive probation with drug treatment. In this appeal, he contends (1) there is no substantial evidence to support the trial court's revocation of probation, and (2) the trial court erred in not allowing him to serve his sentence in intensive probation. Having reviewed the record and the parties' briefs, we affirm the judgment of the trial court.

## I

The first issue is whether the trial court properly found that the defendant had violated the conditions of his probation. The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the conclusion of the trial judge that the violation of the terms of probation has occurred. Harkins, 811 S.W.2d at 82; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the

---

[1]The defendant would be allowed to participate in the work release program.

violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1997). Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (1997). Furthermore, when probation is revoked, "in such cases the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the defendant admitted that he had used illegal drugs. Such use was in violation of the terms of his probationary sentence. This alone is substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); see also State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). After the defendant failed a drug screen, he claimed to have contacted two rehabilitation programs but determined he could afford neither. His probation officer told him about two other programs which he would be able to afford, but he did not bother to contact them. He admitted using marijuana only a few days before the revocation hearing.

In short, the defendant was given a favorable form of alternative sentencing and failed to abide by the rules imposed upon him. We cannot say the trial court abused its discretion in revoking probation for the defendant's illicit drug use.

3

## II

The defendant's second issue is whether the trial court erred in ordering him to serve a portion of his sentence in the county jail, rather than giving him a non-incarcerative sentence of intensive probation or Community Corrections. He claims he is not a proper candidate for incarceration because the record does not support conclusions that his incarceration is necessary to protect the public from him and that there is a need for deterrence. See Tenn. Code Ann. § 40-35-103(1) (1997).

The statute provides that upon the trial court's discretionary decision to revoke a defendant's probationary sentence, "the original judgment so rendered by the trial judge shall be in full force and effect . . . ." Tenn. Code Ann. § 40-35-310 (1997). The Sentencing Commission Comments imply that the trial court has the discretion to place a lesser sentence into effect if it deems that course of action to be appropriate. See Tenn. Code Ann. § 40-35-310, Sentencing Comm'n Comments (1997) ("Upon revocation, the original sentence imposed can be placed into effect.") (emphasis added); State v. Marty Miller, No. 03C01-9602-CC-00056, slip op. at 8 (Tenn. Crim. App., Knoxville, Mar. 4, 1997); State v. Melvin Griffin, 01C01-9503-CC-00090, slip op. at 2 (Tenn. Crim. App., Nashville, Nov. 16, 1995); see also Tenn. Code Ann. § 40-35-311 (d) (1997) (upon finding that defendant has violated conditions of probation and suspension, trial court "shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310"). Contrary to the defendant's assertion, the court is not required at this stage to reconsider the principles of sentencing after finding that the defendant has violated the terms of probation. State v. Yvonne Burnette, No. 03C01-9608-CR-00314, slip op. at 4 (Tenn. Crim. App., Knoxville, July 25, 1997), perm. app. denied (Tenn. 1998); State v. Howard Luroy Williamson, Jr., No. 02C01-

4

9507-CC-00201, slip op. at 4 (Tenn. Crim. App., Jackson, Sept. 30, 1996); State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108, slip op. at 5 (Tenn. Crim. App., Jackson, May 1, 1996).

As discussed in section I above, the trial court was within its discretion in revoking the defendant's probationary sentence. Having so found, the court had the statutory authority to order the defendant to serve his entire two-year sentence in the Department of Correction. Instead of taking that course of action, the trial court extended a measure of mercy to the defendant by ordering him to serve his original sentence in split confinement. The court imposed conditions to help the defendant meet the financial obligations of his original sentence and receive assistance for his substance abuse problem. We see no abuse of discretion in that decision.

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

5

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE