IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2005

## STATE OF TENNESSEE v. REBECCA G. RATLIFF

**Appeal from the Criminal Court for Sullivan County**
**No. S47,686      R. Jerry Beck, Judge**

_____

**No. E2004-00940-CCA-R3-CD - Filed March 15, 2005**

_____

The defendant, Rebecca G. Ratliff, appeals from the Sullivan County Criminal Court's revocation of her probation. On appeal, the defendant claims that the trial court erred in ordering her to serve her original two-year sentence in the Department of Correction. Because the record supports the trial court in its discretionary determination to order incarceration, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Mark H. Toohey, Kingsport, Tennessee, for the Appellant, Rebecca G. Ratliff.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James Goodwin and B. Todd Martin, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

On July 30, 1999, the defendant was convicted of attempt to pass a worthless check, a Class E felony. Her two-year sentence was suspended but was imposed to run consecutively to a sentence in a previous case. Based upon the consecutive alignment of sentences, the probationary period in the present case was due to expire on June 16, 2003.

On January 25, 2002, the state issued a violation of probation report based upon the defendant's October 19, 2001 Virginia convictions of uttering bad checks. The resulting warrant was not served on the defendant until March 2003.

On April 15, 2004, the trial court conducted a revocation hearing. The defendant admitted that she had violated the terms of her probation. She testified that she had three children, ages 10, three years, and 16 months. She stated that, except for her Virginia offenses and

convictions, she had complied with all other terms of her probation. She testified that the Virginia offenses resulted from her discontinuing her medications for bipolar disorder. She had been taking lithium and Panax and was on hiatus from the medications pursuant to her doctor's order due to her pregnancy. She testified that when she wrote the two bad checks in Virginia, she was having financial difficulty and used the proceeds from the checks to buy groceries and pay utility bills. Her mother paid the two checks in Virginia, and the defendant served six months on probation.

The defendant testified that her 16-month-old son was born with a hole in his heart. He had been hospitalized numerous times, the most recent hospitalization resulting from severe dehydration following a viral episode. The defendant testified that the child was unable to walk and underwent physical therapy once a week. She testified that her fiancee works a night shift and that she is the only person available to care for her children.

The trial court acknowledged that the defendant had a long history of medical or psychological problems, including bipolar disorder and depression. The court also recognized that the defendant had a long history of credit-related offenses, including four felonies in Sullivan County and bad check misdemeanors in Virginia prior to the 2001 convictions in that commonwealth. The judge stated, "[I]n this type of offense, the court is reluctant to incarcerate somebody, . . . but there can be a certain point reached where the integrity of the [c]ourts . . . reach a limit of how many times you can be put on [p]robation . . . ." The judge concluded that the succession of probations had "just run out of reason and that even though mitigation factors were present, the mitigation was recycled."

On April 21, 2004, the trial court ordered revocation of the defendant's probation based upon the Virginia convictions and ordered the defendant to serve her two-year sentence in the Department of Correction. The defendant filed a timely notice of appeal.

On appeal, the defendant claims that the trial court erred in ordering her to serve her sentence in confinement. We disagree.

The standard of review upon appeal of an order revoking probation is abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.* The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. Thus, the trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the trial judge expressed sympathy for the defendant's plight, but he cited apt, substantial bases for ordering her sentence served in confinement. The judge was concerned not only that the defendant had amassed a long record of bad check or credit-related offenses, but also that she had received probation repeatedly. The court concluded that it could no longer nod to her lawless behavior, and the record supports this conclusion. The defendant has not shown that the trial court abused its discretion in ordering her to serve her two-year sentence.

Accordingly, the order of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR,. JUDGE