IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2006

**STATE OF TENNESSEE v. GREG GOFF**

**Direct Appeal from the Circuit Court for Madison County**
**No. 05-672     Roy B. Morgan, Jr., Judge**

---

**No. W2006-00974-CCA-R3-CD  - Filed April 25, 2007**

---

Probation for the defendant, Greg Goff, was revoked after he tested positive for cocaine and admitted he had possessed and sold cocaine while on probation.  In this appeal, the defendant contends that the trial court erred in revoking his probation and that his sentence is excessive in light of the circumstances surrounding his violation and past criminal history.  After review, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation.  Further, we conclude that our review is limited to whether the trial court abused its discretion in revoking the defendant's probation and not the length of the sentence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

George M. Googe, District Public Defender, and Stephen P. Spracher (at trial) and Chris R. Whittaker (on appeal), Assistant Public Defenders, for the appellant, Gregory Goff.

Robert E. Cooper, Jr.,  Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

During the defendant's initial interview with his probation officer, he tested positive for cocaine and admitted to selling cocaine.  Initially, the defendant pled guilty to the offense of aggravated assault (a Class C felony), arising out of an attack on the victim with a hammer. Pursuant to a negotiated plea, the defendant was sentenced as a Range I, standard offender to six years, suspended after service of 150 days.  After receiving jail credit, the defendant was released from custody on the day of his plea and was placed on probation under the supervision of the Board of Probation and Parole.  Later, a probation violation warrant was issued against the defendant, and a hearing was held.  At the probation violation hearing, Darlene Millson testified she was assigned to

supervise the defendant. During her initial interview with the defendant, he tested positive for cocaine. The defendant admitted he sold cocaine while in jail and since his release. Two other probation officers testified that they observed the drug test and heard the defendant admit to selling cocaine since his release from jail. All three officers testified the defendant commented that he "should have worn gloves" when he handled the cocaine because that was how it got into his system and not by using cocaine. The defendant, in his testimony at the probation violation hearing, admitted that he had used cocaine and agreed that the positive drug test was correct. He denied telling the probation officers that he had sold cocaine. He testified he had passed three subsequent drug tests, had a job, and was attending anger management and substance abuse classes.

The court found, by a preponderance of the evidence, that the defendant violated his probation. The court specifically accredited the testimony of the witnesses during the revocation hearing and found that the defendant used cocaine and sold drugs while on probation. The court specifically stated that the defendant was not fit to continue probation because he had a history of failing to succeed on probation. The defendant's probation was revoked, and he was ordered to serve the sentence as originally imposed.

Analysis

After reviewing the record and the defendant's brief, it does not appear the defendant contests the violation of probation; rather, he contends the trial court erred in revoking his probation in full. The State's position is strong and unequivocal, that this court is without authority to review whether the trial court abused its discretion in failing to impose a less harsh sentence after finding a violation of probation occurred. We agree with the State. Further, the defendant cites to no authority that would allow the court to review a trial court decision to fully revoke the defendant's probation after his admission that a violation occurred. The trial judge is vested with the sole discretionary authority to order a defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1997); T.C.A. § 40-35-310 (2006).

It is clear from the defendant's brief that he desires this court to review de novo his sentence. When a probation revocation is challenged, our review is limited to whether the record contains substantial evidence to support the trial court's conclusion that a probation violation occurred and that, because of the violation, probation should be revoked. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997). Having properly found, as was admitted, that a violation occurred, the trial court was within its authority to revoke the entire probation or order something less harsh without review by this court.

Conclusion

Accordingly, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-2-