IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2008

**STATE OF TENNESSEE v. LEMAN EARL RUSSELL, JR.**

**Direct Appeal from the Circuit Court for Dyer County**
**Nos. C05-415, C05-442B    Lee Moore, Judge**

---

**No. W2007-02804-CCA-R3-CD  - Filed September 3, 2008**

---

The defendant, Leman Earl Russell, Jr., entered a plea of guilty, in January 2007, to three counts of selling a Schedule II controlled substance under .5 grams (Class C felony) and one count of possession of a Schedule II controlled substance over .5 grams with intent to sell or deliver (Class B felony), in exchange for a sentence of split confinement. For each Class C felony conviction, he was sentenced to six months in the county jail and four years on community corrections, with each sentence to be served concurrently. For the Class B felony, he was sentenced to six months in the county jail to be followed by nine years and five months on community corrections, also concurrent with the other sentences, for a total effective sentence of nine years and eleven months (six months in confinement followed by nine years and five months on community corrections). Here, the defendant appeals the revocation of his community corrections sentence. After review, we conclude that the trial court properly revoked the defendant's community corrections sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

James E. Lanier, District Public Defender, and H. Tod Taylor, Assistant Public Defender, for the appellant, Leman Earl Russell, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 10, 2005, the defendant was indicted by the Dyer County grand jury for two counts of sale of a Schedule II controlled substance in an amount less than .5 grams and one count of sale of a Schedule II controlled substance in excess of .5 grams. On December 12, 2005, he was indicted for one count of sale of a Schedule II controlled substance in excess of .5 grams and one count of possession of a Schedule II controlled substance in excess of .5 grams with intent to sell or deliver. On January 10, 2007, he pled guilty to three counts of selling under .5 grams of cocaine and

one count of possessing over .5 grams of cocaine with the intent to sell or deliver. A violation of community corrections warrant was filed against the defendant in March 2007, after he failed to report as required.

During the community corrections violation hearing, an employee of Westate Corrections Network, the community corrections provider for the 29th Judicial District testified that he had supervision of the defendant for a short period of time. He said that he met with the defendant prior to his release from jail and that they had weekly meetings for a time before he became unable to locate the defendant. He said he also supervised the defendant's father and eventually located the defendant while conducting a home visit with the defendant's father.

The community corrections officer testified that he told the defendant to provide him with an address and phone number after he was told the defendant had relocated to Nashville to attend school. He transferred the defendant's supervision to Nashville and advised the defendant to make contact with his new supervising agency. He said that they had no further contact after the defendant's move to Nashville.

Next, a case officer with Davidson County Community Corrections testified that his job was to supervise all the out-of-county cases. He said that the defendant was transferred to him on December 20, 2006, and he had no contact with the defendant from that time until February 2, 2007. In a phone conversation, he advised the defendant to report and provided him detailed instructions on how to locate the community corrections office. The case officer testified that the defendant indicated he was enrolled in a school which was located approximately three miles from his office. The officer asked the defendant to come in for a meeting and "try and get in compliance." They scheduled a meeting but the defendant did not show up. He filed the violation petition in March 2007, because he had been unable to reach the defendant again.

The defendant testified that he attempted to contact the Davidson County Community Corrections officer but was told he was on vacation and to try back in a few weeks. He said that he talked to the officer when he was in Dyersburg to take care of some charges and child support. He recalled that he told the Davidson County officer that he was not in Nashville. He acknowledged that he did not call his first community corrections officer to tell him he had returned to the area. He said that he talked with the Davidson County officer on one other occasion to request that he be transferred back to Dyersburg. The defendant said he tried to contact the officer once or twice a week but was unable to speak with him. He did phone the community corrections office and leave a message that he had a transportation problem and would not make the February 8, 2007 meeting.

The State called the Davidson County officer to testify again as rebuttal proof. The officer denied that he talked with the defendant following their phone conversation on February 7, 2007. He also said that he did not receive any phone messages from the defendant.

Following the hearing, the trial court found that the defendant treated the community corrections program like a "get-out-of-jail-free card," showing a blatant disregard for the community corrections sentence. The court also specifically found that the defendant claimed he had a transportation problem in Nashville but he had no such problem traveling between Nashville and

Dyersburg. The court revoked the community corrections sentence in full and ordered the defendant to serve the remainder of his sentence in the Tennessee Department of Correction.

## Analysis

On appeal, the defendant argues that the trial court abused its discretion in revoking his community corrections sentence. The decision whether to revoke a community corrections sentence rests within the sound discretion of the trial court and will not be disturbed on appeal without a showing that there is no substantial evidence to support the trial court's judgment. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991). The trial court must find by a preponderance of the evidence that a violation of probation or community corrections occurred. T.C.A. § 40-35-311(e); *see also* T.C.A. § 40-36-106(e)(3)(B).

If sufficient evidence exists, it is within the trial court's discretion to revoke the community corrections sentence and require the defendant to serve his sentence in confinement. T.C.A. § 40-36-106(e)(4). If it finds a violation has occurred, the trial court has the authority to revoke probation and suspend a sentence and cause the defendant to commence the execution of the judgment as originally entered. *See* T.C.A. § 40-35-311(e). The trial court has the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). When the sentence is community corrections, the trial court has the authority to resentence the defendant to any appropriate sentencing alternative, including confinement, for any period of time up to the maximum sentence provided for the offense committed less any credits for time served in a community-based alternative to confinement. T.C.A. § 40-36-106(e)(4).

Here, the defendant's supervisors testified that the defendant failed to report to them as required. The defendant testified that his reason for not reporting to his supervisor in Davidson County was related to transportation problems and because he had to return to Dyer County due to other legal issues. As previously stated, the trial court found that the defendant treated his community corrections sentence as a "get-out-of-jail-free card" and that he did not respect the program. The defendant went without supervision from November 2006 until the violation warrant was filed in March 2007. The defendant has the burden of showing that the trial court abused its discretion. The record reflects that the defendant failed to report to his supervisors as required and that the trial court was within its discretion in revoking his community corrections sentence for his violation.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgments from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE