# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1998 SESSION

FILED

December 7, 1998

Cecil W. Crowson
Appellate Court Clerk

|  |  |  |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9710-CC-00468 |
| | ) | |
| vs. | ) | Maury County |
| | ) | |
| BILLY GENE ODEN, JR., | ) | Hon. Jim T. Hamilton, Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

**SHARA ANN FLACY**
District Public Defender

**WILLIAM C. BRIGHT** (at hearing)
**JOSEPH L. PENROD** (on appeal)
Asst. District Public Defenders
128 N. Second St.
P.O. Box 1208
Pulaski, TN  38478

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**LISA A. NAYLOR**
Asst. Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**MIKE BOTTOMS**
District Attorney General

**LARRY NICKELL**
Asst. District Attorney General
P.O. Box 1619
Columbia, TN  38401-1619

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, Billy Gene Oden, Jr., appeals from the trial court's order revoking his probation and ordering him to serve his sentence in the Department of Correction. In this appeal, he claims the trial court was without jurisdiction to revoke his probation because his sentence had expired and because the court which revoked his probation was not the sentencing court. After a review of the record and the parties' briefs, we affirm the trial court's revocation of probation.

On July 7, 1992, Oden entered best-interest guilty pleas to one count of aggravated burglary and one count of theft of property over $1,000.[1] The plea agreement called for sentencing as a Range I offender, with a six year sentence for aggravated burglary and a two year sentence for theft. The sentences were to be served concurrently to each other but consecutively to sentences for five other convictions. The first year of the effective six year sentence was to be served in the Department of Correction, with the balance on probation. The plea was accepted by Judge James L. Weatherford, Circuit Court Judge of the Twenty-Second Judicial District.

The record does not reflect when the defendant began serving this sentence; however, on May 24, 1996 Judge Weatherford placed the defendant on supervised probation for one year relative to these offenses. On July 23, 1997, Judge Jim T. Hamilton, Circuit Court Judge of the Twenty-Second Judicial District, issued a probation violation warrant based upon the defendant's "failure to report to the TBI as part of the Sexual Offender Registration and Monitoring Act[.]"

---

[1] In North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970), the United States Supreme Court held that a criminal defendant may enter a guilty plea without admitting guilt if the defendant intelligently concludes his best interests would be served by a plea of guilty.

2

Thereafter, on August 21, 1997, Senior Judge James L. Weatherford, sitting by designation and assignment of the Chief Justice of the Tennessee Supreme Court, issued a probation violation warrant for the defendant based upon new criminal charges of attempted aggravated rape and attempted burglary.

Judge Hamilton presided without objection at the defendant's revocation hearing. The only proof presented by the state pertained to the defendant's alleged criminal activity, the subject of the second revocation warrant. At the conclusion of the proof he found sufficient proof that the defendant had violated the terms of his probation. He revoked the defendant's probation and ordered him to serve his sentence in the Department of Correction.

## I

First, the defendant challenges the court's jurisdiction to revoke his probation, which he claims had expired prior to these proceedings. He relies on the May 24, 1996 order imposing one year of supervised probation, claiming the effect of this order is to shorten his sentence. Therefore, he reasons, his sentence had expired prior to the commencement of the revocation proceedings. We disagree.

The defendant received his effective six year sentence on July 7, 1992. Even if he had begun service of that sentence immediately, which it appears he did not, the relevant revocation warrant was issued less than six years later. With respect to the May 24, 1996 order placing him on supervised probation for one year, we believe this order simply dealt with the manner of service of that portion of the defendant's sentence, i.e. supervised as opposed to unsupervised probation. Furthermore, the defendant has cited no legal authority which would allow the trial court to shorten a sentence in the manner the defendant claims Judge Weatherford did in his case. To the contrary, the Sentencing Reform Act allows the court to

3

release a defendant from supervision, and specifies that such action "shall not discharge the defendant from the remainder of the sentence." Tenn. Code Ann. § 40-35-308(a)(3) (1997). In the case of such action, the defendant remains subject to revocation. Tenn. Code Ann. § 40-35-308(a)(3) (1997). In this case, the obvious import of the Judge Weatherford's probation order was to release the defendant from supervision one year after entry of the May 23, 1996 order. It did nothing to decrease the length of his sentence.

Accordingly, the revocation proceeding was commenced within the probationary period.

## II

The defendant also questions whether Judge Hamilton had the authority to revoke the defendant's probation because Circuit Court Judge Weatherford, not Judge Hamilton, presided at the sentencing hearing.[2] The Sentencing Reform Act provides

> Whenever any person is arrested for the violation of probation and suspension of sentence, *the trial judge granting such probation and suspension of sentence, the trial judge's successor, or any judge of equal jurisdiction who is requested by such granting trial judge* to do so shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf.

Tenn. Code Ann. § 40-35-311(b) (Supp. 1998) (emphasis added); see also State v. Duke, 902 S.W.2d 424, 426 (Tenn. Crim. App. 1995).

---

[2]The defendant also claims that Judge Hamilton was not the proper judge for conducting the revocation hearing because Judge Weatherford was the judge who shortened the defendant's sentence. As discussed in Section I, supra, the action by Judge Weatherford was a release from supervision, not a shortening of sentence.

4

The record reflects that the defendant made no objection to Judge Hamilton conducting the revocation hearing. The matter was called for hearing before Judge Hamilton on September 2, 1997. The state presented three witnesses, and the witnesses were subject to cross-examination by defense counsel. The case was argued by both sides, and Judge Hamilton revoked the defendant's probation. The defendant did not raise the issue that Judge Hamilton was disqualified to sit until the present appeal to this court. We hold that he may not raise that issue after he "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of [any] error" in the proceedings below. Tenn. R. App. P. 36(a). Judge Hamilton proceeded to hear the case in the absence of any objection from the defendant who merely awaited an unfavorable ruling before raising the issue on appeal.[3]

Our conclusion that the issue is waived under rule 36(a) is buttressed by the fact that, in his appeal, the defendant has complained only about the timeliness of the revocation warrant and the service of Judge Hamilton in conducting the hearing. Significantly, he has not alleged that Judge Hamilton's decision to revoke probation is wrong or unjustified. Essentially, in addition to waiving the issue, the defendant has failed to allege -- and the record fails to demonstrate -- any prejudice from Judge Hamilton's conducting the hearing. As such, the error, if any, was harmless. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a).

---

[3]In so holding, we note that Judge Weatherford was unavailable because he had left the circuit court bench. Thus, it is possible that Judge Hamilton heard the case because he was Judge Weatherford's successor. It is also possible that the defendant thought Judge Hamilton's court was a more favorable forum than Judge Weatherford's successor's court. We decline to establish authority which would allow a defendant to take advantage of the latter situation by "forum shopping" by sitting on an objection to the presiding judge at a revocation hearing and then raising it for the first time on appeal in order to get a second revocation hearing.

For these reasons, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE