# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 29, 2011 Session

## STATE OF TENNESSEE v. JOHN RICHARD SPROUSE

**Appeal from the Circuit Court for Sevier County**
**No. 14457-III     Rex Henry Ogle, Judge**

_____

**No. E2010-01763-CCA-R3-CD - Filed May 16, 2011**

_____

The defendant, John Richard Sprouse, appeals the Sevier County Circuit Court's revocation of his probation. On appeal, he contends that the trial court erred by ordering him to serve his six-year sentence in incarceration. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Benjamin S. Burton, Sevierville, Tennessee, for the appellant, John Richard Sprouse.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James B. Dunn, District Attorney General; and Timothy Norris, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 1, 2009, the defendant pleaded guilty to one count of aggravated assault, *see* T.C.A. § 39-13-102, with an agreed sentence of six years' incarceration suspended to supervised probation.[1] On March 2, 2010, a probation violation report was

_____

[1] The indictment and judgment in this case indicate a charge of aggravated domestic assault, citing to Code sections 39-13-102 and -111. We note, however, that there is no such offense proscribed by our criminal code. Code section 39-13-111 refers to domestic assault with reference to the simple assault statute proscribed in Code section 39-13-101. There is no corresponding proscription relative to the aggravated assault of a household or family member. Thus, the indictment and conviction reflect, in effect, a charge of aggravated assault with a deadly weapon of a victim as defined by Code section 39-13-111(a).

filed alleging that the defendant had absconded from supervision, in addition to committing other violations by failing to report his address to the sexual offender registry, failing to maintain employment, moving without the permission of his probation officer, failing to report his change of address to his probation officer, and failing to pay costs associated with the sexual offender registry.[2]  On March 16, 2010, a probation violation warrant issued alleging similar violations.  Following a July 27, 2010 hearing in which the defendant admitted to the violations, the trial court revoked the defendant's probation and ordered him to serve the remaining portion of his six-year sentence in incarceration.  Following a timely notice of appeal, the case is properly before this court.

On appeal the defendant contends that the trial court violated his due process rights by ordering him to serve his sentence in incarceration instead of returning him to probation.  The defendant argues that "[i]t is fundamentally unfair to the probationer who has been promised freedom with the State but to have the State retract that promise when nothing [the probationer] has done legitimately warrants such an about-face."  The State contends that, based upon the defendant's admissions, the trial court did not abuse its discretion by revoking probation and ordering the sentence to be served in confinement.  Following our review, we agree with the State and affirm the judgment of the trial court.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release.  T.C.A. § 40-35-311(e) (2006).  A revocation will be upheld absent a showing that the trial court abused its discretion.  *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).  Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered."  T.C.A. § 40-35-311(e).  The trial judge retains the discretionary authority to order the defendant to serve the original sentence.  *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The record reflects that the defendant initially passed all his drug screens and otherwise met the conditions of his probationary release.  After February 2010, however, the defendant changed his address and failed to report to his probation officer.  The defendant admitted that after being warned by his probation officer that he would be "violated," he "just got scared really" and stopped reporting.  The trial court noted that the defendant had amassed "[a]t least five violations of probation" in the past and ordered the defendant to serve the remainder of his sentence in incarceration.  Under these circumstances, we see no basis for disturbing the trial court's decision to order confinement in response to the

---

[2] The defendant had a previous sexual battery conviction which required compliance with the sexual offender registry conditions.

conceded violations of probation. In so affirming the action of the trial court in this case, we further note that the defendant's action, or inaction, did "legitimately warrant" the service of his sentence in confinement, and that, therefore, the defendant suffered no violation of due process. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE