IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

## STATE OF TENNESSEE v. DANIEL EARL GENTRY

**Appeal from the Circuit Court for Blount County
Nos. C-25064, C-25066, C-25067     David Duggan, Judge**

_____

### No. E2018-01010-CCA-R3-CD

_____

The defendant, Daniel Earl Gentry, appeals the Blount County Circuit Court's order revoking his probation and ordering him to serve the balance of his sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Matthew Elrod, Assistant District Public Defender (at hearing), for the appellant, Daniel Earl Gentry.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Mike Flynn, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 25, 2017, the defendant pleaded guilty to two counts of theft of property valued at more than $500 but less than $1,000, *see* T.C.A. § 39-14-105(a) (2012); one count of theft of property valued at $1,000 or more but less than $10,000, *see id.* § 39-14-105(c) (2012); one count of vandalism of property valued at $500 or less, *see id.* §§ 39-14-408(c)(1); -105(a) (2012); and five counts of burglary. The trial court imposed an effective sentence of six years, ordering the defendant to serve 30 days in confinement and the remainder suspended to supervised probation.

On April 11, 2018, a probation violation warrant issued, alleging that the defendant had violated the terms of his probation by failing to notify his probation officer of a change in his residence; failing to make payments toward restitution, court costs, and

supervision fees; failing to report a change in his employment; and failing to abide by his curfew.

At the May 25, 2018 revocation hearing, the parties stipulated that the defendant violated the terms of his probation as stated in the warrant.

The defendant testified that he was released from jail sometime in the fall of 2017 and successfully complied with the terms of his probation until April 2018, at which time he "had a break-up with [a] loved one that involved [his] three-year-old daughter." He explained that this caused his "head [to be] foggy and cloudy," and he "felt like giving up basically." He asserted that other than that period of time, he had "done really well" on probation. He was employed with "A-Plus Cleaners and also at a campground in Townsend doing maintenance." Although he failed to report and pay his required fees, he continued to work and "live [his] daily life." The defendant testified that he had not been arrested or cited for anything during the period that he failed to report, stating, "I've done good for the whole year and I ain't caught no charge or nothing." The defendant admitted to smoking marijuana but acknowledged that was not a violation alleged in the present case.

The defendant acknowledged that he had previously been unsuccessful on probation, but he asserted that things were different for him at the time of the hearing, explaining,

> I actually started a family. . . . I'm trying to raise a kid. My mother is getting older. I've been trying to help her. And I've just changed. I'm getting older. I'm not the same person I was. I was wild when I was young and the [c]ourts know that. I was wild and, you know, lived a hectic life. And, you know, that's not me no more.

He stated that he would be able to report to probation as required and would "do exactly what I'm supposed to do."

During cross-examination, the defendant admitted having previously violated the terms of other sentences involving release into the community. He was released from confinement on prior convictions in 2013, and the present charges arose from incidents occurring in 2016. The defendant acknowledged that the State agreed to permit the defendant to serve his sentence in the present case on supervised probation with a condition that he complete a drug program. The defendant stated that he "completed the drug program" and is "doing really well." He explained that he was not

on probation at the time of the offenses in this case and reiterated that, after serving a year in confinement, "they allowed me to do a program and continue on probation," and he "completed it successfully, and . . . went on with probation for the whole year" with "no mess-ups." The defendant continued, "I've done excellent. I've done everything I was supposed to do up until this incident where I had a little incident with my family . . . and I just fell off the wagon a little bit. I didn't commit no new crimes. I ain't hurt nobody. I've not did nothing." The defendant acknowledged that he owed money for restitution and court costs but stated that he "was working and . . . was paying a little each time. But it was only like $20. It wasn't a whole, whole lot."

Upon questioning by the court, the defendant said he understood that he was supposed to report to his probation officer and, although he was successful for a period, he failed to report as required.

The State argued that, because the defendant had not previously been successful on probation, "he [wa]s not a good candidate for alternative sentencing." The defendant emphasized that this was his first violation in this case, that he had "done well for a good portion of time," and that the violations here occurred because of a stressful family incident. He argued that these factors weighed in favor of alternative sentencing and requested that the court impose a split-confinement sentence with mandatory substance abuse treatment.

Based upon the parties' stipulation that the defendant violated the terms of his probation, the court revoked his probation. The court noted its concern with the defendant's "extensive criminal record," his prior violations of community corrections and probation, and his "lack of accepting responsibility" and ordered him to serve the remainder of his sentence in confinement with credit for time served.

In this timely appeal, the defendant challenges the trial court's order of confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have

-3-

the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.* § 40-35-311(e)(1)(A); *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

In the present case, the defendant stipulated to violating the terms of his probation, establishing an adequate basis for the trial court's revocation of his probation. The defendant argues that a split-confinement sentence "would have been a more reasonable penalty"; however, the law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE