IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

## STATE OF TENNESSEE v. MARK ETHAN FELICES

**Appeal from the Circuit Court for Bedford County**
**No. 18616      Forest A. Durard, Jr., Judge**

---

### No. M2020-00047-CCA-R3-CD

---

The defendant, Mark Ethan Felices, appeals the revocation of his probation, arguing that the trial court erred by ordering that he serve the balance of his sentence in confinement. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and TIMOTHY L. EASTER, JJ., joined.

James R. Tucker, Assistant District Public Defender, for the appellant, Mark Ethan Felices.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Robert J. Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In December 2017, the defendant pleaded guilty to the possession with intent to sell a Schedule I controlled substance in exchange for a sentence of eight years' incarceration. The defendant was placed on probation in June 2018 following his completion of a Tennessee Department of Correction ("TDOC") "boot camp" program. A probation violation warrant issued on January 9, 2019, alleging that the defendant had violated the terms of his release by testing positive for the use of marijuana. A second violation warrant issued on December 16, 2019, alleging that the defendant had violated the terms of his release by failing to provide a valid address to his probation officer and failing to report.

At the December 16, 2019 violation hearing, the defendant, through counsel, admitted that he had violated the terms of his probation but asked the court to return him

to probation rather than ordering him to serve the balance of his sentence in confinement. In an unsworn allocution, the defendant said that he was "not the same person" that he had been and that he was "striv[ing] every day to be a better person to make this world a better place." He said that he had allowed his addiction to "nearly ruin his life." The defendant said that he believed he "would benefit from a halfway house or rehab to give me the tools I need to help face my problems head-on, go to school and graduate, excel in my silversmith career, and eventually open my own dog rescue." He asked the court for "mercy and one last opportunity to complete my goals and be a productive tax paying member of society and be there for my family because time is precious and I can't waste another minute."

The State argued that the defendant had never been a good candidate for probation and that "unfortunately [TDOC] ha[s] the boot camp program which kicks them out almost as fast as we put them there." The State noted that the defendant violated his probation within six months by using drugs and that he then absconded for nearly a year before he was arrested.

The trial court noted that the defendant picked up new charges in Davidson County while the charges were originally pending in this case and that the defendant had failed to appear to answer charges in both Rutherford and Bedford Counties. The defendant had previously violated his probation in another Bedford County case. The court found that the defendant had "tried and failed," saying, "In this particular situation you knew you had been smoking dope, you knew that was a violation of your probation. As soon as that happened you hit the highway not to return until such time as I had you arrested." The court concluded that the defendant was not "a good candidate for any further alternative sentencing" and ordered that he serve the balance of his sentence in TDOC.

In this timely appeal, the defendant argues that the trial court erred by ordering him to serve the remainder of his sentence. The State asserts that the trial court did not err.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

In the present case, the defendant acknowledged that he violated the terms of his probation at the revocation hearing, and he does not contend otherwise on appeal. Instead, the defendant argues that a sentence other than confinement would have been more appropriate under the circumstances here presented. The law is well-settled, however, that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation. Consequently, we affirm the order of the trial court.

_____

JAMES CURWOOD WITT, JR., JUDGE