IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. LIONEL CHAMPION

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 01-140, 01-141, 01-224      Roger A. Page, Judge**

_____

**No. W2002-02216-CCA-R3-CD  - Filed September 4, 2003**

_____

The defendant appeals the trial court's revocation of his probation.  While on probation, the defendant had been arrested for aggravated robbery.  He contends the evidence was insufficient to support the revocation.  The burden required to revoke probation is by the preponderance of the evidence, not beyond a reasonable doubt.  The alleged victim of the aggravated robbery testified at the revocation hearing, and his testimony was found credible by the trial court. We affirm the trial court's revocation of the defendant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Benjamin C. Mayo, Jackson, Tennessee, for the appellant, Lionel Champion.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In November of 2001, the defendant, Lionel Champion, pled guilty to attempted aggravated burglary, vandalism under $500, vandalism over $1000, and simple possession of a Schedule II controlled substance.  The defendant was sentenced to an effective sentence of eight years.  He was given 90 days jail credit for time served and placed on intensive probation.

In March of 2002, the defendant was notified that his probation may be revoked due to new misdemeanor charges, specifically, leaving the scene of an accident and failure to yield to blue lights, as well as a new felony charge of aggravated robbery.

A probation violation hearing was held in August of 2002. The State called the alleged victim of the aggravated robbery to testify. In essence, the alleged victim[1] testified that, while walking, the defendant drove by, stopped, got out of the car, pointed a gun at the victim, and demanded money. According to the alleged victim, two other persons were with the defendant.

The trial court stated the following after the hearing:
Let me say for the record that this finding is based on a preponderance of the evidence and not beyond a reasonable doubt. Based on the testimony I've heard and my assessment of the credibility of the witnesses, I'm going to opine that Mr. Champion has violated the terms of his probation in a substantial way for the following reasons: I find by a preponderance of the evidence he was in possession of a handgun. And as to this alleged aggravated robbery, I'm going to find the State has proved by a preponderance of the evidence that he committed conduct unbecoming good citizenship. Therefore, he'll be revoked to serve his sentence.

The defendant contends no substantial evidence supports the trial court's conclusion that the defendant violated his probation by being in possession of a handgun and committing aggravated robbery.

**Analysis**

If a trial court finds by a preponderance of the evidence that a defendant has violated a condition of the defendant's probation, then the trial court may revoke probation. Tenn. Code Ann. § 40-35-311(e). On appeal, this Court may reverse such a revocation only upon the trial court's abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such discretion is abused only when the record fails to contain substantial evidence to support the trial court's conclusion that a violation occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt. The evidence must only show that the trial court exercised a conscientious and intelligent judgment, as opposed to acting arbitrarily. Gregory, 946 S.W.2d at 832; see also State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The trial court revoked the defendant's probation upon finding, by a preponderance of the evidence, that the defendant violated the law on March 5, 2002, by being in possession of a handgun and by committing conduct unbecoming good citizenship. The trial court retained the discretionary authority to order the defendant to serve his original sentences in confinement upon revocation. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

The defendant relies upon State v. Smith, No. M2002-00553-CCA-R3-CD, 2003 LEXIS 38 (Tenn. Crim. App. Jan. 21, 2003) (no app. filed), in which he contends there "must be more than a 'mere accusation' if the grounds for revocation is the commission of a new offense." The defendant

---

[1] Throughout the opinion I refer to the witness as the "alleged victim," thereby affording this defendant the presumption of innocence he deserves relative to the felony charge he is facing.

argues that the sworn testimony of the alleged victim was the equivalent of a "mere accusation." He further argues that the absence of other testimony or reports of law enforcement officers; the absence of any physical evidence recovered from the search of the defendant, his girlfriend, and his car; and the absence of any corroborating witness makes the instant case analogous to Smith.

In Smith, this Court held that a revocation could not occur when the only evidence of the commission of a new offense was the introduction of an arrest warrant or indictment as they stood as a "mere accusation."

In the instant case, the probation officer, the alleged victim, and the defendant testified. The trial court specifically found the alleged victim's testimony credible. The defendant's argument that the State had to do more in producing corroborating witnesses, physical evidence, reports of law enforcement officers, or evidence recovered from searches places a greater burden upon the State to prove the basis for a revocation than the present law requires. See Tenn. Code Ann. § 40-35-311(e).

## CONCLUSION

We conclude the record contains substantial evidence to support the trial court's conclusion that a violation occurred. Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE