IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2018

## STATE OF TENNESSEE v. MATTHEW EDWARD FORD

**Appeal from the Circuit Court for Blount County**
**No. C-25298     Tammy Harrington, Judge**

_____

### No. E2018-00507-CCA-R3-CD
_____

The defendant, Matthew Edward Ford, appeals the Blount County Circuit Court's order revoking his probation and ordering him to serve the balance of his misdemeanor sentences in confinement. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, Assistant District Public Defender (at trial), for the appellant, Matthew Edward Ford.

Herbert H. Slatery III, Attorney General and Reporter; Garrett Ward, Assistant Attorney General; Mike Flynn, District Attorney General; and Tracy Jenkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 25, 2017, the defendant pleaded guilty to one misdemeanor charge of theft and one misdemeanor charge of assault. The trial court imposed consecutive sentences of 11 months and 29 days each, ordering the defendant to serve five months in confinement and the remainder on supervised probation. The defendant was released from jail on October 19, 2017. On November 1, 2017, a probation violation warrant issued alleging that the defendant had violated the terms of his probation by failing to report to his probation officer upon his release from jail.

At the December 4, 2017 revocation hearing, the parties stipulated that the defendant failed to report to his probation supervisor after his release from jail.

Blount County Probation Officer Ashley Watson testified that she was assigned to supervise the defendant's term of probation in this case. She testified that the defendant never reported "for initial intake after his release" from jail. The defendant provided his address on a court intake sheet at the time of his sentencing in August 2017. She attempted to contact the defendant by a "home check" at the address provided, but the owners of the house told her that the defendant did not live there. The phone number provided by the defendant on his intake sheet "was no good either." At that point, Ms. Watson requested a warrant for the defendant's arrest for violation of his probation.

On cross-examination, Ms. Watson testified that upon his release, the defendant "should have contacted [her] immediately to follow up with further instructions on when to come to intake and at what time," but he never came. She had not had any contact with the defendant. She testified that the address provided on the intake sheet was the only address she had for the defendant. She was not aware of any attempt by the defendant to contact her.

The defendant testified that he was released from jail on October 19, 2017, and that he knew he was supposed to report to the probation office within 48 hours of his release. He explained that, prior to his arrest for the theft and assault charges, he lived at the address he provided on the intake sheet, but upon his release he could not return to that address. Because he did not have a place to live after his release from jail, he went to a homeless shelter in Knoxville. The defendant testified that he attempted to report to the Knoxville probation office but was unable to do so because "it was closed." He stated that he lived "[o]n the street" from the time he was released from jail until he was arrested on the violation of probation warrant. He stated that when he discovered that there was a warrant for his arrest, he "tried to take care of that, tried to call and take care of that." He called the Blount County probation office and spoke to "the secretary." The defendant said that he would like to be placed in a halfway house or an inpatient rehabilitation facility for drug and alcohol addiction. He stated that if a bed were not immediately available in one of those places, he would return to the homeless shelter until space opened up. He testified that he worked in restaurants and in construction "[a]s much as [he] could" when not incarcerated.

During cross-examination, the defendant acknowledged that he had previously violated the terms of his probation for unrelated convictions and admitted that he had not successfully completed a term of probation as an adult. He reiterated that he knew he was supposed to report to his probation officer within 48 hours of release from jail and that he attempted to report at the Knoxville probation office on October 20, 2017, but they were closed. He said that he called the Blount county probation office, but they

did not know who his probation officer was. He acknowledged that he never reported to the probation office.

The defendant requested that the court impose a split-confinement sentence of 45 days in jail and mandatory drug and alcohol assessment, taking into consideration that the defendant did not attempt to flee and that this case involves only misdemeanor offenses. The State argued that, because the defendant has not previously been successful on probation, a split-confinement sentence would be insufficient.

Based upon the parties' stipulation that the defendant did not report to probation as required, the court found that the defendant violated the terms of his probation and revoked his probation. The court reserved its ruling on sentencing, noting that if the defendant could get admitted to a residential treatment program, it "would consider letting him do that. That gives him a place to live and treatment." On February 22, 2018, the trial court issued a written order revoking the defendant's probation and ordering him to serve the remainder of his sentence in confinement.

In this appeal, the defendant challenges the trial court's order of confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the

defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

In the present case, the defendant admitted to violating the terms of his probation, establishing an adequate basis for the trial court's revocation of his probation. The defendant argues that a split-confinement sentence "may have been more reasonable"; however, the law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

We hold that the trial court did not abuse its discretion in ordering the defendant to serve the remainder of his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE