IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2019

**STATE OF TENNESSEE v. SARAH BRINKMAN**

**Appeal from the Circuit Court for Blount County**
**No. C-25421      Tammy Harrington, Judge**

**No. E2018-01011-CCA-R3-CD**

The defendant, Sarah Brinkman, appeals from the revocation of the probationary sentence imposed for her conviction of introducing contraband into a penal institution, arguing that the trial court erred by ordering her to serve 180 days' incarceration before returning to probation. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, Assistant District Public Defender (at trial), for the appellant, Sarah Brinkman.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mike Flynn, District Attorney General; and Tyler Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 16, 2017, the defendant pleaded guilty to one count of introducing contraband into a penal institution, *see* T.C.A. § 39-16-201, in exchange for a sentence of four years to be served as 120 days' incarceration followed by probation.[1] A probation violation warrant issued on February 8, 2018, alleging that the defendant had violated the terms of her probation by failing to report for a home visit on February 1, 2018, failing to report as directed on February 5, 2018, and by failing to submit to a drug screen on February 5, 2018.

---

[1]    The defendant was given pretrial jail credit for the period from July 14, 2017, to October 16, 2017.

At the May 7, 2018 revocation hearing, the defendant, through counsel, stipulated that "on February the 1st she failed to report visually[] but talked to the probation officer and rescheduled for February the 5th. That she failed to report on February the 5th or any other date since then."

The 33-year-old defendant testified that at the time of her release onto probation on October 16, 2017, she "lived with a friend" and subsisted on her income from social security disability. She said that she "was on maximum," which required that she complete "a home visit and an office visit" each month. She reported as required until February 1, 2018. The defendant insisted that she had simply "forgotten that [she] had a home visit" and that she spoke with her probation officer, who told her "just to wait until Monday the 5th."

On February 5, 2018, she telephoned her probation officer at 8:40 a.m. to tell him that the person who had agreed to drive her to the probation office had been taken "to jail for child support" and that she would be "an hour or so late." The defendant testified that the probation officer told her "not a minute past 9:00 a.m." given that she had missed her appointment on February 1. The defendant said that, despite her best efforts, she "was not able to find a way" to get to the probation office before 9:00 a.m. Her probation officer left her a message later that same afternoon letting her know that he had filed a probation violation report.

The defendant insisted that she originally planned to turn herself in at the jail, but she decided not to do so after an acquaintance who was a police officer in Maryville told her that no warrant was pending for her arrest. She claimed that she was "kind of hoping that it was some type of blessing" that no warrant had been issued, so she did not turn herself in, did not report to the probation office, and had no further contact with her probation officer. According to the defendant, she was arrested on April 12, 2018, when she "walked up to a police cruiser to see if it was the acquaintance" and inquired of the officer whether there was a warrant for her arrest. Although she did not know the officer in the cruiser, he agreed to check, and she was placed under arrest after the officer confirmed that there was a warrant pending.

The defendant testified that she had incurred no new criminal charges, had not failed any drug screen, and had not used controlled substances since she failed to report. She said that, if the court released her back on to probation, she planned to live with the same friend she lived with when she was originally placed on probation. The defendant said that she had previously suffered from an addiction to opiates but that she had been participating for "four years steadily" in an outpatient drug rehabilitation program.

During cross-examination, the defendant acknowledged that she incurred the charge in this case while on misdemeanor probation for a 2017 conviction of simple possession of a controlled substance. She acknowledged that, prior to that, she completed a period of judicial diversion following a guilty plea to endangering the welfare of a minor in 2015. The defendant agreed that, given her extensive history with sentences involving release into the community, she knew that she would be arrested if she violated the terms of her probation. Despite this experience-based knowledge, she claimed that, upon learning from her friend that no arrest warrant was pending following her failure to report on February 5, she "just figured maybe if [she] stayed out of trouble it was just [her] lucky day." The defendant acknowledged that she knew she would be required to take a drug test on February 5, 2018.

Noting the defendant's "multiple chances at probation previously," the State asked the trial court to require the defendant to serve the balance of her sentence in confinement. In the alternative, the State asked "for at least 180-day split in this case before she's returned back to probation." The defendant asked the trial court for a sentence of "split confinement roughly equal to the time of the absconding," or 60 days.

The trial court found that the defendant "violated the rules and conditions of her probation by not reporting." The court found that the defendant's "history is not good of several offenses in a short period of time" and ordered her to serve 180 days' incarceration before returning to probation.

In this appeal, the defendant again acknowledges that she violated the terms of her probation but argues that 60 days' "split confinement would have been a more reasonable penalty" given that "[h]er violation was passive."

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." *Id.* § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

In the present case, the defendant's stipulation provided an adequate basis for the revocation of her probation. Once the trial court revoked her probation, it was free to impose the 180-day period of incarceration, and the defendant has failed to establish that the court abused its discretion by doing so.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE