IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, January 24, 2019

**STATE OF TENNESSEE v. RANDY ROY JORDAN**

**Appeal from the Circuit Court for Sevier County**
**Nos. 11376, 11690     James L. Gass, Judge**

_____

**No. E2018-00743-CCA-R3-CD**

_____

The defendant, Randy Roy Jordan, appeals the Sevier County Circuit Court's order revoking his probation and ordering him to serve the balance of his sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Heather N. McCoy, Sevierville, Tennessee, for the appellant, Randy Roy Jordan.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jimmy Dunn, District Attorney General; and R. Patrick Harrell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 9, 2008, the defendant pleaded guilty to theft of property valued at $10,000 or more but less than $60,000, fourth offense driving under the influence, and simple possession. The trial court imposed an effective 12-year sentence, ordering the defendant to serve 365 days in confinement with the balance suspended to supervised probation. On June 6, 2011, the trial court found the defendant had violated the terms of his probation by, among other things, failing to report, testing positive for the use of illegal drugs, failing to verify his employment and address, and failing to pay fees and restitution, and the court ordered the defendant to serve one year in confinement followed by completion of the Steps House program and a return to supervised probation. On January 14, 2014, the trial court found that the defendant again violated the terms of his probation by providing a fraudulent address and by failing to report as instructed and sentenced the defendant to time served and returned him to supervised probation. The

defendant admitted to violating the terms of his probation a third time, and, on September 23, 2014, the trial court ordered him to serve 60 days in confinement and to undergo an alcohol and drug assessment and intensive outpatient treatment. On October 3, 2016, the defendant again admitted to violating the terms of his probation, and the trial court sentenced the defendant to time served and returned him to supervised probation with a requirement that he return to treatment at Steps House.

On September 18, 2017, a probation violation warrant issued, alleging that the defendant again violated the terms of his probation by garnering new arrests for driving while restricted and simple possession of a schedule I substance. The trial court permitted an amendment to the probation violation warrant to include allegations that the defendant failed to report his arrests, left the county without permission, failed to report as scheduled, was found in possession of heroin, and failed to pay fees and restitution.

At the March 27, 2018 revocation hearing, the parties stipulated that the defendant had been convicted of simple possession, and the defendant acknowledged having committed the remaining violations. The State argued that the defendant was "no longer a candidate for probation" based on his long history of probation violations and his conviction for simple possession. The defendant testified that, although he was "guilty of being a junkie," he had done well in rehabilitation programs where he took on the role of "teacher" because "the youngsters follow [him]." He asked the court "to give [him] one more shot at raising [his] kids" who were 20 months and four months old. He stated that "recovery is a process," noted that the Steps House program was willing to re-admit him, and asked the court for "one more shot." The trial court accredited the defendant's statements but nevertheless revoked the defendant's probation and ordered him to serve the remainder of his sentence in confinement because of his "long history" of probation violations.

In this timely appeal, the defendant challenges the trial court's order of confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have

the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

In the present case, the defendant admitted to violating the terms of his probation. The defendant argues that because of his prior success in a recovery program and his honesty regarding his relapse, the trial court's "ordering [him] to execute his original sentence was arbitrary"; however, the law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

The trial court did not abuse its discretion by ordering the defendant to serve the remainder of his sentence in confinement. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE