IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 29, 2020

## STATE OF TENNESSEE v. JAMES MICHAEL JOHNSON

**Appeal from the Criminal Court for Sullivan County**
**No. S61772    James F. Goodwin, Jr., Judge**

---

### No. E2019-01941-CCA-R3-CD

---

The defendant, James Michael Johnson, appeals the Sullivan County Criminal Court's order revoking his probation and ordering him to serve his four-year sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Andrew J. Gibbons, District Public Defender; and William A. Kennedy, Assistant District Public Defender, for the appellant, James Michael Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Kaylin Render, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2014, the defendant pleaded guilty to one count of aggravated assault and one count of aggravated assault involving domestic violence. The trial court imposed consecutive sentences of four years' confinement for the aggravated assault conviction and four years' supervised probation for the aggravated assault involving domestic violence conviction.

On October 19, 2017, a probation violation warrant issued, alleging that the defendant violated the terms of his probation by committing a new offense, incurring new charges, possessing illegal substances or paraphernalia, and engaging in assaultive, abusive, threatening, or intimidating behavior. On September 13, 2019, a second probation

violation warrant issued, alleging that the defendant again incurred new charges and engaged in assaultive, abusive, threatening, or intimidating behavior.

At the October 21, 2019 revocation hearing, the defendant admitted having violated the conditions of his probation and stipulated to the facts as alleged in the October 2017 violation warrant. He stated that in 2017, he was charged with a crime in Virginia. He also incurred a charge for evading arrest in Kingsport. The defendant said that after serving approximately one year in a Virginia jail, he was released on bond and was told "'You ain't got no holds on you nor nothing,'" which the defendant understood to mean that his probation related to this case was complete. It was not until he was arrested in August 2019 that he learned that he had not completed his term of probation. The defendant asked the trial court to return him to supervised probation and stated that if returned to probation, he would abide by any conditions imposed by the court.

Based upon the defendant's admission and stipulation, the trial court revoked the defendant's probation and ordered him to serve his sentence in confinement.

In this timely appeal, the defendant asserts that the trial court abused its discretion by revoking his probation and ordering him to serve his sentence in confinement, arguing that the court based the revocation on a violation not alleged in the warrants and that the "proper outcome" could have been achieved by less-restrictive measures. The State contends that the trial court did not err.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the

-2-

revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

Here, the trial court's revocation of the defendant's probation is fully supported by the defendant's admitting to the violations. Although the defendant argues that the trial court revoked his probation because of his failure to report, a violation not alleged in either warrant, the record reveals that the court revoked the defendant's probation based solely on the defendant's admission to the violations alleged in the October 2017 warrant. Furthermore, the law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE