IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 4, 2020 Session

**STATE OF TENNESSEE v. MARGLE OTIS WARD**

**Appeal from the Circuit Court for Warren County**
**No. F-14486, 15-CR-748, 19-CR-2166   Larry B. Stanley, Jr., Judge**

_____

**No. M2019-02172-CCA-R3-CD**

_____

Margle Otis Ward, Defendant, admitted to violating the conditions of his probation.  The trial court revoked Defendant's probation and ordered the execution of the judgments as originally entered.  Defendant claims that the trial court erred by fully revoking his probation "without considering alternative sanctions or tailoring a sanction to address Defendant's drug use."  We determine that the trial court properly exercised its discretion in both revoking probation and in ordering the execution of the judgments as originally entered.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

John Partin, District Public Defender, and Patrick S. Rader (on appeal) and Susan Martlala (at hearing), Assistant Public Defenders, for the appellant, Margle Otis Ward.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Lisa S. Zavogiannis, District Attorney General; and Matthew Colvard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On June 25, 2014, Defendant pled guilty in Case No. F-14486 to violating his status as a habitual traffic offender and driving on a revoked driver's license, second

offense. The trial court imposed a four-year split confinement sentence of 180 days in jail followed by supervised probation.

On August 17, 2015, Defendant was arrested for aggravated gambling promotion, possession of a gambling device or record, and simple possession of marijuana. On October 20, 2015, a violation of probation warrant was issued based on the new charges. On February 24, 2016, Defendant pled guilty to the three charged offenses, and the trial court sentenced Defendant to an effective sentence of two years to be served consecutively to his sentence in Case No. F-14486. Defendant admitted that he violated the conditions of probation and the trial court extended Defendant's probation in Case No. F-14486 by one year. The sentences were suspended, and Defendant was placed on supervised probation.

According to probation revocation reports filed by Defendant's probation officer, on November 7, 2016, Defendant tested positive for marijuana and was administratively sanctioned and required to complete an alcohol/drug assessment and follow any recommendations. [Defendant] completed the assessment and was instructed to attend a program at Cheer Mental Health. Defendant tested positive for marijuana five times from March 2, 2017 to October 1, 2017. On November 14, 2017, a probation violation warrant was issued based on the positive drug tests. On January 9, 2018, an amended probation violation warrant was issued based on a January 4, 2018 positive drug screen. On January 17, 2018, the court held a probation revocation hearing. Defendant was reinstated to probation on Case No. 15-CR-748. Defendant's probation on Case No. F-14486 was partially revoked and Defendant was ordered to serve sixty days in jail.

On June 13, 2018, Defendant tested positive for marijuana and was sanctioned to submit to an additional drug screen within thirty days. On July 10, 2018, Defendant again tested positive for marijuana and was sanctioned to attend an alcohol/drug assessment to evaluate the need for more intense treatment at Cheer Mental Health. Defendant failed to attend the alcohol/drug assessment or to notify the counselor or his probation officer. On September 5, 2018, Defendant reported to his probation officer and claimed he missed the alcohol/drug assessment because he was sick. On that day, he again tested positive for marijuana. Defendant completed the alcohol/drug assessment on September 19, 2018. On September 21, 2018, Defendant's probation officer conducted a home visit and asked for permission to search Defendant's residence. Defendant refused to allow the officer into his residence.

On September 21, 2018, Defendant was arrested for the manufacture, delivery, or sale of a controlled substance and theft of property. On September 25, 2018, a violation of probation warrant was issued based in part on the new charges. The warrant also alleged that Defendant refused to allow a search of his residence and tested positive for marijuana on three separate dates. On December 11, 2018, an amendment to the warrant

was issued alleging that on December 5, 2018, Defendant refused to submit to a random drug screen when requested by his probation officer. On July 24, 2019, Defendant pled guilty in Case No. 19-CR-2166 to possession of marijuana with intent to deliver and theft of property valued at $1,000 or less. He was sentenced to two years on supervised probation, and the sentence was ordered to be served consecutively to both Case No. F-14486 and Case No. 15-CR-748. On August 9, 2019, a second amendment to the September 25, 2018 violation of probation warrant was issued alleging that August 6, 2019, Defendant violated Rule 6 by refusing to sign his probation order as instructed by his probation officer, and Rule 8 by refusing to provide a drug screen when requested by his probation officer.

On November 13, 2019, a revocation of probation hearing was held. At the beginning of the hearing, the attorney for Defendant announced that Defendant "admits that he violated the terms of probation" in the three cases. No sworn testimony was offered during the hearing. After a discussion with the parties, the trial court announced:

> [Defendant], this is a very difficult case for me because most of the time things that you do are not something that we feel like are the more serious of crimes, you know. I don't know that you've ever intentionally hurt anybody. You're not out here stealing $60,000 cars, and you're not selling meth and that sort of stuff which is all good and well but it gave me pause. It was like I don't want to put somebody in prison for things that I consider to be somewhat lesser violations. On the other hand, the rules are the rules. I mean, it is against the law in the [S]tate of Tennessee to possess marijuana and it's against the law to use while you're on probation. And the truth of the matter is let me say this: I told your attorney and [the district attorney], I believe you about the car. You very well may have paid for that car or thought that you did or did it in some way, you know, to pay for it. That's not my problem. My problem is that it is against the law to fail a test for marijuana and I agree wholeheartedly with your probation officer that ain't going to quit. So[,] the rule is you can't do it and if you're not going to do it, I don't have a choice. I've got no choice. You're violating your probation repeatedly and you've said that you're going to continue to do it. So[,] you're going to be revoked to serve the balance of your original sentences. I got no other choice, and I don't like it but that's the way it goes. So good luck.

On November 20, 2019, the trial court entered separate orders revoking probation in Case Nos. F14486, 15-CR-748 and 19-CR-2166 and commencing the execution of the judgments as originally entered. Defendant timely appealed.

**Analysis**

On appeal, Defendant claims that the trial court erred in fully revoking his probation. Defendant argues that a "trial court's determination that a probationer has violated the terms of his probation and its subsequent decision to fully revoke his probation are two distinct exercises of discretion" and that the trial court fully revoked Defendant's probation "without considering alternative sanctions or tailoring a sanction to address Defendant's drug use." The State argues that the trial court properly revoked Defendant's probation. We agree with the State.

The subject of the November 13, 2019 revocation hearing was the September 25, 2018 probation revocation warrant, as amended, which alleged that Defendant violated Rule 1 of the rules of probation by being arrested for the manufacture, delivery, or sale of a controlled substance and theft of property; Rule 7 by refusing to allow his probation officer to conduct a search of his place of residence; Rule 8 by testing positive for marijuana on three occasions; Rule 6 by refusing to sign his probation order as instructed; and Rule 8 by refusing to provide a drug screen when requested by his probation officer. Defendant admitted through his counsel that he violated the conditions of his probation.

"The decision to revoke probation rests within the sound discretion of the trial court." *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). For this court to find that the trial court abused its discretion, "the record must contain no substantial evidence to support the trial court's conclusion that a probation violation occurred[.]" *Id.* A defendant's admission to violating the conditions of probation, alone, constitutes substantial evidence to support the trial court's revocation of a defendant's probation. *See State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*. The trial court did not abuse its discretion in revoking Defendant's probation.

Defendant argues that after a trial court finds that a violation of probation has occurred, that a distinct and separate exercise of discretion is required for the trial court to "commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-310[.] Defendant argues that, in this case, the trial court abused its discretion by fully revoking Defendant's probation "without considering alternative sanctions or tailoring a sanction to address Defendant's drug use."

Upon finding that a defendant has violated a condition of probation, a trial court "shall have the *right* to revoke the probation and suspension of sentence, and [to] [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.] Tenn. Code Ann. § 40-35-311(e)(1)(A) (2019) (emphasis added). Tennessee Code Annotated section 40-35-310(a) (2019)

- 4 -

provides that the trial judge *may* order the original judgment so rendered to be in full force and effect[.] (emphasis added). The authority of the trial court to "commence the execution of the judgment as originally entered" is discretionary. *State v. Andrew Kelly King*, No. E2011-00214-CCA-R3-CD, 2012 WL 1357813, at *3 (Tenn. Crim. App. Apr. 17, 2012).[1] Therefore, the trial court's decision to commence the execution of the judgment as originally entered "rests within the sound discretion of the trial court." *Kendrick*, 178 S.W.3d at 738. For this court to find that the trial court abused its discretion, "the record must contain no substantial evidence to support" the trial court's decision to commence the execution of the judgment as originally entered. *Id.*

There was substantial evidence to support the trial court's decision to commence the execution of the judgment as originally entered. Defendant's probation was revoked on two prior occasions. Each time, the court gave Defendant an opportunity to demonstrate he could comply with the conditions of his probation. Defendant's conduct during the entire time he was on probation demonstrated that he was not going to comply with the conditions of his probation. Even after spending sixty days in jail for his second violation before being reinstated to probation; Defendant incurred new criminal charges, tested positive for marijuana multiple times, refused to allow his probation officer into his home to search, refused to sign the probation order, and refused to submit to a drug test.

The oral statements of the trial court at the revocation hearing showed that he acted conscientiously, not arbitrarily, in ordering Defendant to serve the balance of his sentence in confinement. *State v. Steven Kelly Fraze*, No. M2005-01213-CCA-R3-CD, 2006 WL 618300, at *8 (Tenn. Crim. App., at Nashville, Mar. 13, 2006), *no Tenn. R. App. P. 11 application filed* (In reviewing the trial court's finding, it is our obligation to examine the record and determine whether the trial court has exercised a conscientious judgment rather than an arbitrary one.) The trial court acted well within its discretionary authority in revoking Defendant's probation and in ordering Defendant to serve the balance of his sentence in confinement.

---

[1] Before being amended in 2009, Tennessee Code Annotated section 40-35-310(a) provided that after the trial court determines that a defendant has violated the conditions of probation "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly[.]" *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). Even with the seemingly mandatory language of section 40-35-310(a) before being amended in 2009 quoted above, when -310(a) and other statutes concerning revocation are read in pari materia, this court has held "[t]hat statutory authority grants trial judges the discretionary authority to commence the execution of the judgment as originally entered." *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

**Conclusion**

The judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE