IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2021

**STATE OF TENNESSEE v. REGINALD BOND**

**Appeal from the Circuit Court for Madison County**
**Nos. 19-93, 19-282    Donald H. Allen, Judge**

**No. W2020-01455-CCA-R3-CD**

The defendant, Reginald Bond, appeals the Madison County Circuit Court's order revoking his probation and ordering him to serve the balance of his six-year sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and JILL BARTEE AYERS, JJ., joined.

Jeremy B. Epperson, District Public Defender (on appeal); Mitchell Raines, Assistant District Public Defender (on appeal); and Greg Gookin, Assistant District Public Defender (at hearing), for the appellant, Reginald Bond.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Jody Pickens, District Attorney General; and Matt Floyd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 20, 2019, the defendant pleaded guilty to one count of violating the sexual offender reporting requirements in case 19-93 and 2 counts of violating the sexual offender reporting requirements, one count of violating residential and employment restrictions, and one count of violating the conditions of his community supervision for life in case 19-282. The trial court sentenced him to an effective six-year sentence with all but 270 days suspended to supervised probation. On July 16, 2020, a probation violation warrant issued, alleging that the defendant violated the terms of his release by garnering new charges, failing to obtain employment, failing a drug screen, failing to pay court costs, and failing to comply with the conditions of his community supervision for life.

At the September 28, 2020 revocation hearing, David Miller, the defendant's probation supervisor since December 2, 2019, testified that the defendant was required to maintain employment as a term of his supervision. He stated that the defendant had worked at Capital Car Detail until March 27, 2020, and that "[f]rom that point forward he didn't provide any proof of employment." Mr. Miller said that the defendant had also been ordered to pay court costs in the amount of $100 per month as a term of his supervision but that the defendant made only one payment of $25 in February 2020 "and no other payments." Mr. Miller stated that on March 10, 2020, the defendant tested positive for the presence of "125 nanograms per milliliter for marijuana metabolite." Additional testing by Alere Labs confirmed the results. The laboratory report was exhibited to the hearing.

Mr. Miller testified that the defendant was required to register as a sexual offender and was subject to community supervision for life. He said that the defendant violated a special condition of his community supervision that prohibited him from having contact with a minor or from dating, befriending, residing, or uniting "with anyone who has children under the age of 18." Mr. Miller stated that a minor was present in the defendant's residence during a home check. Although Mr. Miller did not know the age of the female minor, he said that she "was young enough to be in a stroller." Mr. Miller stated that, to his knowledge, that charge was pending in general sessions court.

During cross-examination, Mr. Miller testified that the defendant was in custody prior to Mr. Miller's supervision. He recalled that the defendant had discussed relocating to Clarksville but that the address the defendant provided was either "in an exclusion zone or he didn't provide it. I can't recall exactly." He said that the defendant had passed every drug screen until the positive test in March 2020. Mr. Miller acknowledged that the defendant had never failed to report as instructed and had always contacted Mr. Miller if he was not present during a home visit.

Mr. Miller stated that when he went to the defendant's residence for a routine home check on June 4, 2020, he "could hear a child inside" and that upon entering the residence, he saw a child "in the back." Mr. Miller said that a woman who "identified herself as [the defendant's] cousin" was also present. Mr. Miller "let his cousin know that [the defendant] was a registered sex offender and wasn't allowed to be in any kind of contact with minor children," and "she left the residence." He said that he did not know how long the child had been in the home with the defendant. Mr. Miller stated that on a previous home check, a different child was in the home when the defendant was not there, at which time, Mr. Miller warned the defendant "that if there is going to be children at that residence then he would not be able to live there."

The defendant exhibited to the hearing a copy of the Case Bill and Case Transactions List from the Madison County Circuit Court, which documents indicated that

the defendant had made three payments toward his court costs in addition to the $25 payment to which Mr. Miller testified.

At the end of the hearing, the trial court found that the defendant had violated the terms of his supervision by garnering a new charge, being in contact with a minor, failing to maintain lawful employment, failing a drug screen, and failing to pay court costs as ordered. The court found that the defendant's violating the special conditions of community supervision for life "by residing in a residence with a small child" was "certainly a substantial violation." The trial court revoked the defendant's probation and ordered him to serve the balance of his six-year sentence in confinement.

In this timely appeal, the defendant argues that the trial court abused its discretion by revoking his probation and ordering him to serve the balance of his sentence in confinement.

The accepted appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The 1989 Sentencing Act expresses a burden of proof for revocation cases: "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence . . . ." T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the trial judge may order the original judgment so rendered to be in full force and effect from the date of the revocation of the suspension, and that it be executed accordingly." T.C.A. § 40-35-310(a). In other words, "[t]he trial judge retains the discretionary authority to order the defendant to serve the original sentence." *Reams*, 265 S.W.3d at 430 (citing *State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995)).

Here, the evidence supports the trial court's finding that the defendant violated the terms of his supervision. Mr. Miller testified that the defendant was in contact with a child in his residence after Mr. Miller had warned him that he could not reside in

the home if children were present.  Although Mr. Miller did not know the age of the child, the trial court did not err by concluding that the child, who was in a stroller, was under the age of 18.  Additionally, the laboratory report indicates that the defendant tested positive for marijuana metabolite on March 10, 2020.  The Case Transactions List shows that the defendant made only two $10 payments, one $25 payment, and one $100 payment toward his court costs between December 2019 and June 2020, amounts far short of the ordered $100 per month.  Finally, Mr. Miller testified that the defendant failed to provide proof of employment beyond March 2020.  Consequently, the trial court did not err by revoking the defendant's probation.

Furthermore, the law is well-settled that the trial court does not abuse its discretion by choosing incarceration from among the options available after finding that the defendant has violated the terms of his probation.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE